# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-20-00421-CV**
**NO. 03-20-00422-CV**

---

**In re the National Republican Congressional Committee and Van Taylor**

**In re Republican Party of Travis County, Texas**

---

**ORIGINAL PROCEEDING**

---

## DISSENTING OPINION

Consistent with my previous dissent from this Court's removal of Green Party candidates from the ballot in response to an eleventh-hour mandamus, *see In re Davis*, No. 03-20-00414-CV, 2020 WL 4929783 (Tex. App.—Austin Aug. 19, 2020) (orig. proceeding) (Rose, C.J., dissenting), I would here again deny mandamus relief ordering party chairs to take steps to remove Libertarian candidates from the November ballot. These mandamus proceedings were filed at the twelfth hour, and we have now passed the Election Code's clear deadline for removing a candidate's name from the ballot. *See* Tex. Elec. Code §§ 145.035, .039. In both instances, the last-minute, rushed filings and sparse records render an appellate court original proceeding too blunt a tool for removal of voters' choices from the ballot.

However, with the candidates' names now fixed on the ballot and the precedent set by this Court in *In re Davis*, No. 03-20-00414-CV, 2020 WL 4931747 (Aug. 19, 2020) (orig. proceeding) (ordering candidates in the same circumstances to be declared ineligible and

removed from the November ballot), I disagree with the majority's conclusion that the relators are left with no legally cognizable interest in determining their opponents' eligibility. Although the deadline for removing a candidate's name from the ballot may have passed, a person's eligibility under the Election Code affects not only whether that person can be a candidate, but also whether the person can be elected to a public office. *See, e.g.*, Tex. Elec. Code § 141.001(a). Moreover, the Election Code contains provisions that implicate eligibility without regard to the 74-day deadline. For example, candidates may be declared ineligible up to the 30th day preceding election day under certain circumstances, including where, as alleged here, the party chair has been presented with information establishing ineligibility. *See id.* § 145.003(b) (30-day deadline), (g) (requiring party chair to declare candidate ineligible if record establishes ineligibility). The fact that this deadline to declare a candidate ineligible is 30 days before the general election but the deadline to remove a candidate from the ballot is 74 days before the election demonstrates that the Legislature found the declaration of ineligibility meaningful even after the statutory deadline for removing a candidate's name from the ballot has passed. As such, relators have a cognizable interest in the eligibility of their opponents, regardless of ballot content.

Accordingly, rather than dismiss these proceedings as moot, we should address the merits of relators' eligibility challenges after allowing adequate time for briefing.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Kelly

Filed: August 25, 2020